OPINION
Appellant, Todd Brannin Wiley, appeals a decision of the Portage County Court of Common Pleas, Domestic Relations Division, denying him spousal support in his divorce from appellee, Jeni Lu Wiley.
The parties were married on May 27, 1993. There was one child born as issue of their marriage, a son, Brandin Wiley, d.o.b. January 31, 1994. The son was killed as an infant and appellant was responsible for the death. He has been incarcerated for that crime since February 15, 1995.
On September 23, 1999, appellee filed a complaint for divorce. Appellant timely filed an answer and counterclaim seeking, inter alia, spousal support. On January 3, 2000, appellant filed a motion for leave to amend his counterclaim. Specifically, appellant wanted to include the issue of promissory estoppel. Appellant did not actually file an amended counterclaim but, rather, only the motion for leave to file one.
The matter proceeded to a final hearing on February 22, 2000. The trial court granted the parties a divorce on February 29, 2000. Marital property was divided but neither party was ordered to pay spousal support. From that decision, appellant timely filed a notice of appeal and has now set forth a single assignment of error. No transcript has been provided.
Appellant contends that the trial court erred in two respects. First, appellant claims that the trial court abused its discretion by failing to consider evidence of promissory estoppel. Second, the trial court abused its discretion by not offering any underlying basis for not awarding appellant spousal support.
Without wasting any more time than is absolutely necessary, this appeal is frivolous. To begin with, promissory estoppel, a contract theory, simply has no place in a divorce case with respect to spousal support. However, even if it did, it is clear that appellant's claim is spurious. It is based upon a letter he received from appellee's attorney in December 1999, which stated, in part, that at the time the divorce complaint was filed, appellee "was inclined to voluntarily pay * * * spousal support." This was not a promise, nor could he justifiably rely on such statement. Furthermore, appellant is incarcerated. What possible detriment can he suffer while in prison?
Accordingly, we conclude that the trial court did not err by not awarding appellant spousal support. To do so would have constituted egregious error. The judgment of the trial court is affirmed.
 ________________________________________ JUDGE WILLIAM M. O'NEILL
NADER, J., concurs, GRENDELL, J., concurs in judgment only.